1  RONALD M. GRASSI,
   SALLY M. GRASSI
2  P. O. Box 6961
   Tahoe City, CA 96145
3  Telephone: (530) 583-3105
   Email: ronsallygrassi@mac.com
4
5  Plaintiffs, In Pro Per



FILED

MAR 11 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| RONALD M. GRASSI and SALLY GRASSI,<br><br>           Plaintiffs,<br><br>      - vs -<br><br>MOODY'S INVESTOR'S SERVICES, STANDARD AND POOR'S FITCH RATINGS,<br><br>           Defendants. | Case No.: CV-00543-JAM-DAD<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS & AUTHORITIES; [PROPOSED] ORDER**<br><br>Date: MAY 1, 2009<br>Time: 10:00 AM<br>Courtroom: 27<br>Hon. DALE A. DROZD |

---

1

Case No. CV-00543-JAM-DAD
NOTICE OF MOTION AND MOTION TO _____; MEMORANDUM OF POINTS & AUTHORITIES; [PROPOSED] ORDER

**TABLE OF CONTENTS**

| | Page(s) |
|---|---|
| NOTICE OF MOTION | 1 |
| MEMORANDUM OF POINTS AND AUTHORITIES | 2-5 |
| I.   INTRODUCTION | |
| II.  STATEMENT OF ISSUES TO BE DECIDED | |
| III. LEGAL ARGUMENT | |
| IV.  CONCLUSION | |
| DECLARATION OF RONALD GRASSI IN SUPPORT OF REQUEST TO REMAND CASE TO STATE COURT | 6 |

## TABLE OF AUTHORITES

1. **28 U.S.C.  1332, 1441**

2. **GAUS V. MILES, INC.  980 F.2D 564 (9 th Cir. 1992)**

3. **VALDEZ V. ALLSTATE INS. CO., 372 F. 3D 1115 (9th Cir. 2004)**

4. **HAISCH V. ALLSTATE INS. CO., 942 F. SUPP 1245 (D. ARIZ. 1996)**

5. **RITTHALER V. IDS PROPERTY CASUALTY (CV07-1233-PHX-DGC)**

3

Case No. CV-00543-JAM-DAD
NOTICE OF MOTION AND MOTION TO _____; MEMORANDUM OF POINTS & AUTHORITIES; [PROPOSED] ORDER

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that on MAY 1, 2009 at 10:00 am. or as soon thereafter as the matter may be heard in Courtroom 27 of the above-entitled Court, located at 501 I St.,, Sacramento, California, plaintiffs Ronald and Sally Grassi will move the Court to remand this case to the Placer County Superior Court, State of Calif.

    This motion is made pursuant to 28 U.S.C. Sec. 1332 (a)—amount in controversy

    This motion is and will be based on this notice of motion [etc] filed herewith, the pleadings and records on file with the Court and upon such further authorities and documentary evidence as may be presented at the time of the hearing on the motion.

Case No. CV-00543-JAM-DAD
NOTICE OF MOTION AND MOTION TO _____; MEMORANDUM OF POINTS & AUTHORITIES; [PROPOSED] ORDER

```
1   RONALD M. GRASSI
    SALLY A. GRASSI
2   P O Box 6961
    Tahoe City, CA 96145
3   Phone: (530) 583-3105
    Email: ronsallygrassi@mac.com
4
    IN PRO SE
5
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RONALD M. GRASSI and SALLY A. GRASSI,<br><br>Plaintiffs,<br><br>vs.<br><br>MOODY'S INVESTOR'S SERVICES, STANDARD AND POOR'S and FITCH RATINGS,<br><br>Defendants. | No. # 2:09-CV-543<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND**<br><br>HEARING DATE: MAY 1, 2009<br>HEARING TIME: 10:00 AM<br>ROOM: 27 |

## 1. INTRODUCTION

Plaintiffs Ronald and Sally Grassi reside in Tahoe City, Calif. Ronald Grassi is a retired California attorney and Sally is a retired school teacher. Plaintiffs generally chose to invest in safe investments in their retirement and so advised their broker, Stone and Youngberg. Plaintiffs and their broker focused on bonds due to their greater safety. In particular, plaintiffs at this point in time sought high rated bonds. Lehman Brothers offered for sale and sold to plaintiffs 2 bonds, known best by their cusip #s: 52517PYH8 (a step up note rated A1 by Moody's, A by S & P, and A+ by Fitch) and 5252MOCV7 (a steepener bond). Plaintiffs contend that these bonds

-1-

were worthless or at least worth considerably less than their stated value when sold to Plaintiffs.  Plaintiffs paid $40,000 for the two bonds which are now worthless and Lehman Bros. has filed for Bankruptcy.  Plaintiffs would not have purchased these bonds had the rating companies correctly valued Lehman Bros.' credit worthiness when issuing these bonds for sale to the public and these specific bonds.  Plaintiffs therefore filed suit in the Placer County Superior Court-Lake Tahoe Branch on Jan. 26, 2009.  Defendants (hereafter Moody's, S & P, and Fitch or Defendants) moved the subject case to this Court on or about Feb. 25, 2009 based on diversity of parties and their contention without proof that the $75,000 requirement had been met.  Plaintiffs contend that the matter should be remanded to the Placer County Superior Court as the Defendants have failed to meet their burden of proof relating to the $75,000 requirement.

## II.    STATEMENT OF ISSUE TO BE DECIDED

THE ISSUE PRESENTED IS:  HAVE DEFENDANTS MET THEIR BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000?

## III.  LEGAL ARGUMENT

The law on this issue is rather straight-forward:  Defendants can only remove a case from state court if they prove both diversity of jurisdiction and that the amount in controversy exceeds $75,000.  The first requirement is not at issue here; there is diversity.  However, the 2nd requirement, the burden of proving that the amount in controversy must exceed $75,000 has not been met.  As numerous cases hold, the

-2-

Case No.
[TITLE OF DOCUMENT]

defendants must meet their burden of proof that the amount in controversy exceeds $75,000 by a **preponderance of the evidence**. Just claiming, as defendant Moody has done, that Courts in similar cases have "frequently awarded punitive damages well in excess of the amount of compensatory damages awarded" is nothing more than conjecture and woefully below the standard of proof required. See NOTICE OF REMOVAL filed by Moodys on 1/25/09 page 1, line 27-page 2, line2. The flip side, and equally valid argument, is that Courts in similar cases have frequently not awarded punitive damages, or if they have, the amount may still have not pushed the award over $75,000. Something more is required for defendants to prove their point with a preponderance of the evidence.

This issue of whether a defendant has adequately met its burden of proof has come up frequently. The UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA utilizes a checklist entitled ORDER TO SHOW CAUSE RE REMAND TO STATE COURT which lists over a dozen reasons why Remand should be ordered. On Page 2 of this checklist the following appears:

Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but the amount in controversy does not appear to exceed $75,000. Because the amount of damages plaintiff seeks is unclear from the complaint, or appears to be $75,000, or less, defendants bear the burden of proving facts to support jurisdiction, including the jurisdictional amount, by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). A "mere averment" that the amount in controversy exceeds $75,000 is insufficient. *Id.* at 567. Neither does an allegation based on information and belief constitute proof by a preponderance of the evidence. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Certainly the statement by Moody's (cited above) is, at best, a mere averment, a

-3-

Case No.
[TITLE OF DOCUMENT]

1  guess, speculation, pure and simple. The defendants in this matter must produce
2  evidence to prove the amount in controversy will more likely than not exceed $75,000.
3  This means the defendants must provide a showing which includes documents and
4  likely testimony which, when heard by a jury, **will more likely than not** result in an
5  award in excess of $75,000. Defendants may choose to offer evidence that one or
6  more of their CEOs have admitted in public interviews over the past few years that (1)
7  they were involved in a conflict of interest such that they forfeited their objectivity
8  when rating these bonds or maybe (2) that they failed to exercise the required due
9  diligence expected of them in rating and/or later downgradng the credit worthiness of
10 Lehman Bros. or/and these bonds or maybe (3) as one analyist for one of the
11 defendants famously was quoted as saying: It could be structured by cows and we
12 would rate it. Presently, defendant Moody, at least speaking for itself, denies any
13 liability, and even claims that it rated neither of the bonds, notwithstanding evidence
14 to the contrary.

It is not Plaintiffs' responsibility to assist defendants in meeting the requirements of Gaus v. Miles, Inc., 980 F.2nd 564, 566-67 (9th Cir. 1992) nor Valdez v. Allstate Ins. Co. 372 F.3d 1115, 1117 (9th Cir. 2004) . Nor need the Plaintiffs discuss Haisch v. Allstate Ins. Co., 942 F. Supp. 1245, 1249 (D. Ariz. 1996) stating "It would be inherently speculative for this Court to conclude that the amount in controversy requirement can be met by simply asserting that large punitive damages have been awarded in the past against insurance companies".

Nor should this Court restrict what Plaintiffs may or may not due, once this case is remanded to the State court. As the U.S. District Court in Arizona stated in Ritthaler

-4-

Case No.
[TITLE OF DOCUMENT]

1  <u>v. IDS Property Casualty</u> (07-CV-1233-PHX-DGC

2  "Defendant requests, in the event of a remand, an order from the Court precluding

3  Plaintiffs from seeking $75,000 or more in damages. Defendant has cited no legal

4  authority in support of the proposed order. The Court will deny Defendant's request"

5

6  (citations omitted)

7

## IV. CONCLUSION

Plaintiffs request that this Court remand this case to the Placer County Superior Court, State of California on the basis that the Defendants have failed to meet their burden of proof by a preponderance of the evidence in removing this case to this Court.

Dated: March 5, 2009                    _____

                                        Ronald M Grassi, in pro se, and on behalf
                                        of Ronald and Sally Grassi

o

-5-

Case No.
[TITLE OF DOCUMENT]

RONALD M. GRASSI
SALLY A. GRASSI
P O Box 6961
Tahoe City, CA 96145
Phone: (530) 583-3105
Email: ronsallygrassi@mac.com

IN PRO SE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RONALD M. GRASSI and SALLY A. GRASSI,<br><br>    Plaintiffs,<br><br>vs.<br><br>MOODY'S INVESTOR'S SERVICES, STANDARD AND POOR'S and FITCH RATINGS,<br><br>    Defendants. | No. #2:09-CV-543<br><br>**DECLARATION OF RONALD GRASSI IN SUPPORT OF REQUEST TO REMAND CASE** |

I, RONALD GRASSI, DECLARE:

 (1) I AM A RETIRED CALIF. ATTORNEY (BAR ASSOC. # 42039 AND MY WIFE AND I ARE FILING IN PRO SE, REQUESTING THE COURT TO REMAND THIS CASE TO THE PLACER COUNTY SUPERIOR COURT, STATE OF CALIFORNIA.

 (2) WE PURCHASED THE BONDS DESCRIBED IN OUR POINTS AND AUTHORITIES AND FOR THE REASONS STATED IN SAID POINTS AND AUTHORITIES.

 (3) I AM NOT FAMILIAR WITH THE FEDERAL RULES OF PROCEDURE AND REQUEST THE COURT'S PATIENCE IN REVIEWING OUR PLEADINGS

I DECLARE THAT THE FOREGOING IS TRUE AND CORRECT UNDER PENALTY OF PERJURY.

DATED: MARCH 5, 2009

                */s/ Ronald M. Grassi*
                RONALD GRASSI

-1-

Case No.
[TITLE OF DOCUMENT]

RONALD M. GRASSI
SALLY A. GRASSI
P O Box 6961
Tahoe City, CA 96145
Phone: (530) 583-3105
Email: ronsallygrassi@mac.com

IN PRO SE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

RONALD M. GRASSI and
SALLY A. GRASSI,

        Plaintiffs,

vs.

MOODY'S INVESTOR'S SERVICES,
STANDARD AND POOR'S and FITCH
RATINGS,

        Defendants.

No. #2:09-CV-543

**ORDER REMANDING CASE**

IT IS SO ORDERED:

1. PLAINTIFFS' MOTION TO REMAND IS GRANTED
2. THE CLERK SHALL REMAND THIS CASE TO THE PLACER COUNTY SUPERIOR COURT, STATE OF CALIFORNIA

DATED:

_____

-1-

Case No.
[TITLE OF DOCUMENT]