KEITH E. EGGLETON, State Bar No. 159842
DAVID A. MCCARTHY, State Bar No. 226415
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

James J. Coster
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, 11ᵗʰ Floor
New York, NY 10169
Telephone: (212) 818-9200
Facsimile: (212) 818-9606
(Admitted *Pro Hac Vice*)

Attorneys for Defendant Moody's Investors Service, Inc.

Additional Counsel Listed On Signature Page

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD M. GRASSI and SALLY GRASSI,<br><br>       Plaintiffs,<br><br>       v.<br><br>MOODY'S INVESTOR'S SERVICES,<br>STANDARD AND POOR'S and FITCH<br>RATINGS,<br><br>       Defendants. | Case No. 2:09-CV-00543-JAM-DAD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** |

1  All defendants in this action, Moody's Investors Service, Inc. ("Moody's"), incorrectly

2  sued herein as "Moody's Investor's Services," The McGraw-Hill Companies, Inc. ("McGraw-

3  Hill"), incorrectly sued herein as "Standard and Poor's," formerly a division of McGraw-Hill, and

4  Fitch, Inc., incorrectly sued herein as "Fitch Ratings" ("Fitch") (collectively, "Defendants"), by

5  their undersigned attorneys, submit this Memorandum in opposition to Plaintiffs' Motion for

6  Remand, filed on March 11, 2009.

7  **I.   INTRODUCTION**

8  This action clearly meets the $75,000 jurisdictional threshold for cases grounded in the

9  federal courts' diversity jurisdiction.  Indeed, at no point in their motion to remand do Plaintiffs

10  concede – and are careful not even to imply – that they seek less than $75,000 in damages.

11  Moreover, Plaintiffs <u>nowhere dispute that they are, in fact, seeking punitive damages</u> in addition to

12  $40,000 in compensatory damages.  Rather, Plaintiffs merely contend, without any reasonable

13  basis, that Defendants cannot demonstrate that a punitive damage award in this action, were

14  Plaintiffs to prevail, would be sufficient to raise the amount of Plaintiffs' claim above the

15  jurisdictional bar.

16  In fact, remand is entirely inappropriate here because, contrary to Plaintiffs'

17  misconceptions concerning Defendants' burden of proof, it is beyond dispute that a punitive

18  damage award in this action would "more likely than not" result in a total award of more than

19  $75,000.  Indeed, even a punitive damage award at the most conservative of ratios -- 1-to-1 to

20  Plaintiffs' compensatory damages -- would exceed the jurisdictional threshold.  As the relevant

21  California jury verdicts cited below clearly establish, it is most likely that a jury award of punitive

22  damages in this case – assuming, <u>arguendo</u>, that Plaintiffs should or will prevail on their claims,

23  which Defendants vigorously dispute – would involve a ratio of greater than 1-to-1.

24  As demonstrated below, given that Defendants easily meet their burden of proof regarding

25  the amount in controversy, this Court should deny Plaintiffs' motion to remand.

26  **II.   RELEVANT FACTS**

27  Plaintiffs Ronald M. Grassi and Sally A. Grassi filed their Complaint in this action on

28  January 26, 2009, in the Superior Court of California, County of Placer, Tahoe City branch,

1  alleging causes of action against Defendants for general negligence, fraud and deceit.  (Compl. ¶

2  10.)[1]  Plaintiffs allege that they have suffered the "loss of use of property" as well as "[p]unitive

3  [d]amages based upon defendant's reckless disregard in publishing false and misleading

4  information relating to Lehman Brother's [sic] bonds." (Id. ¶ 11.)

5       On February 25, 2009, Defendants removed to this Court pursuant to 28 U.S.C. § 1441(a).

6  Defendants assert that removal is proper based on diversity because Plaintiffs are citizens of

7  California, while none of the Defendants are citizens of California, and the amount in controversy

8  exceeds the jurisdictional threshold of $75,000.[2]  (Notice of Removal, ¶¶4-5.)  With respect to the

9  amount in controversy, the Notice of Removal states:  "The matter in controversy exceeds the sum

10  or value of $75,000 because Plaintiffs seek at least $40,000 in compensatory damages and the

11  complaint also seeks punitive damages.  In a telephone conversation with counsel for McGraw-

12  Hill on February 17, 2009, Plaintiff Ronald M. Grassi stated that Plaintiffs are seeking

13  approximately $40,000 in compensatory damages and confirmed that, as set forth in the

14  complaint, Plaintiffs are seeking, in addition, punitive damages in an unspecified amount."  (Id. ¶

15  5.)

16       Plaintiffs responded to the Notice of Removal with the present Motion to Remand on the

17  ground that Defendants have "failed to meet their burden of proof" regarding the $75,000

18  jurisdictional requirement.  (Plaintiffs' Memorandum of Points and Authorities in Support of

19  Motion for Remand ("Pls.' Mem."), at 2.)  In support of their motion, Plaintiffs reiterate that they

20  paid $40,000 for two Lehman Brothers bonds, which they contend are now worth "considerably

21  less than their stated value when sold" and that they would not have purchased these bonds had

22  Defendants "correctly valued Lehman Bros.' credit worthiness."  (Id.)  Plaintiffs at no point state

23  or otherwise concede that they are seeking less than $75,000.  Nor do they deny that they are

24  seeking punitive damages.

25

26  ───────────────

27  [1] Plaintiffs' Summons and Complaint is attached as Exhibit A to Defendants' Notice of
Removal, Docket Entry No. 1.

28  [2] Plaintiffs do not dispute that there is complete diversity between plaintiffs and defendants.

## III.   **ARGUMENT**

### A.   **Defendants' Burden of Proof in Opposing Remand**

To establish that the amount in controversy meets diversity jurisdiction requirements Defendants need only show that it is "more likely than not" that the amount in controversy, <u>i.e.</u>, the amount Plaintiffs will recover if their allegations are borne out and Defendants' defenses all fail, exceeds $75,000. <u>See</u> <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996). Contrary to Plaintiffs' arguments, Defendants need not offer documents and likely testimony in opposition to the motion and are not required to prove Plaintiffs' case for them. <u>See</u> <u>Kenneth Rothschild Trust v. Morgan Stanley Dean Witter</u>, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint") (internal citations omitted); <u>see also</u> <u>Minnoch v. Kaiser Foundation Health Plan, Inc.</u>, Civ. No. 08-00176, WL 4527343, *1-2 (D. Haw. Oct. 8, 2008) ("Defendant need not prove the amount in controversy 'to a legal certainty' . . . . To meet the evidentiary burden, Defendant must show that 'more likely than not' Plaintiff's recovery would exceed the jurisdictional amount, assuming the failure of all the Defendant's affirmative defenses.") (additional citations omitted).

### B.   **Plaintiffs' Probable Punitive Damages Recovery Raises Amount in Controversy Above Jurisdictional Threshold**

Plaintiffs are seeking $40,000 in compensatory damages *plus* punitive damages. "It is well established that punitive damages are part of the amount in controversy in a civil action." <u>See</u> <u>Gibson v. Chrysler Corp.</u>, 261 F. 3d 927 (9th Cir. 2001) (<u>citing</u> <u>Bell v. Preferred Life Assur. Society</u>, 320 U.S. 238 (1943)); <u>see also</u> <u>Surber v. Reliance Nat. Indem. Co.</u>, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) ("In calculating the amount in controversy, the Court must also consider punitive damages that plaintiff can recover as a matter of law."); <u>Winery v. Graham</u>, No. C 06-36182007, 2007 WL 963252, *3 (N.D. Cal. Mar. 29, 2007). Thus, to prove the amount in controversy, Defendants need only show that Plaintiffs' probable punitive damages, if awarded, would exceed $35,000.

1  "Whether punitive damages are sufficient to meet the amount in controversy requirement is

2  a two-part test.  First, punitive damages must be available as a matter of state law.  Secondly, the

3  court inquires 'whether the amount of punitive damages will more likely than not exceed the

4  required amount in controversy.'"  Martinez v. Infinity Ins. Co., No. SA CV 08-1444, 2009 WL

5  302189 (C.D. Cal. Feb. 4, 2009) (internal citations omitted)); Lange v. State Farm Mut. Auto. Ins.

6  Co., No. SA CV 08-1466, 2009 WL 322835, *1 (C.D. Cal. Feb. 9, 2009) (holding the same).

7  As to the first requirement, applicable California law clearly allows for punitive damages

8  where fraud is proven by clear and convincing evidence.  See California Civil Code § 3294(a).

9  Fraud, under the relevant statute, is expressly defined to include "an intentional misrepresentation,

10  deceit, or concealment of a material fact."  Section 3294(c); Winery, 2007 WL 963252, at *3 ("a

11  properly pled cause of action alleging intentional misrepresentation is sufficient to support a claim

12  for punitive damages.").  Such misrepresentations are precisely what Plaintiffs have alleged in this

13  action.  (See Compl., Second Cause of Action – Intentional Tort ("Said defendants intentionally

14  over-rated the quality and value of the bonds described below . . . .").)

15  As to the second requirement – establishing that the amount of probable punitive damages,

16  were they to be awarded, will "more likely than not" exceed $35,000 – Defendants can satisfy

17  their burden by introducing evidence of sufficiently analogous California jury verdicts.  Surber,

18  110 F. Supp. 2d at 1232 ("In order to establish probable punitive damages, a party asserting

19  federal diversity jurisdiction may introduce evidence of jury verdicts in cases involving analogous

20  facts.") (citations omitted); Simmons v. PCR Technology, 209 F. Supp. 2d 1029, 1033 (N.D. Cal.

21  2002) (same).

22  Here, because Plaintiffs claim compensatory damages of at least $40,000, the amount in

23  controversy exceeds the jurisdictional threshold even if punitive damages are awarded on a 1-to-1

24  ratio to compensatory damages.  Such a ratio, at minimum, is exceedingly likely given that

25  California juries have often awarded punitive damages, where misrepresentations of similar

26  magnitude have been found, with ratios well in excess of 1-to-1.  See Behne v. 3M Microtouch

27  Systems, Inc., 11 Fed. Appx. 856, 858 (9th Cir. 2001) (employee brought action against employer

28  alleging discrimination and fraud based on alleged false promises made by the employer; circuit

court concluded that a 4-to-1 ratio of compensatory to punitive damages was not excessive under California fraud law and reversed district court's reduction of damages); Glovatorium, Inc. v. NCR Corporation, 684 F. 2d 658, 663 (9th Cir. 1982) (buyer of computer system sued seller for, inter alia, intentional and negligent misrepresentation, alleging that seller had knowledge of the system's defects; circuit court determined that punitive damage award that was 9.1 times the compensatory damage award was not excessive).

Notably, highly reprehensible or egregious conduct is not necessary to sustain a jury verdict in excess of a 1-to-1 ratio of punitive to compensatory damages. See Konvitz v. Midland Walwyn Capital, Inc., 129 Fed. Appx. 344, 347-348 (9th Cir. 2005) (the court, in reducing the punitive damage award, found that defendant's "conduct was not particularly reprehensible: the harm caused was primarily economic as opposed to physical; it did not involve any acts taken in reckless disregard for the health and safety of others; and the target of the conduct . . . was not vulnerable financially or otherwise"; nevertheless, court found a five-to-one ratio to be permissible); Glovatorium, Inc., 684 F.2d at 663 ("[t]here is no requirement under 3294 that malice, reprehensible or outrageous conduct or willful disregard be shown in addition to the fraud."); Bardis v. Oates, 119 Cal. App. 4th at 26 ("a case in which the compensatory damages are neither exceptionally high or exceptionally low, and in which the defendant's conduct is neither exceptionally extreme or trivial, the outer constitutional limit on the amount of punitive damages is approximately four times the amount of compensatory damages.").

In light of the specific cases cited above, Plaintiffs' contention that Defendants cannot meet their burden of proof is without merit.  In the four cases cited by Plaintiffs in their motion to remand, the defendants therein offered "no facts whatsoever," Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992), only a "conclusory statement," Valdez v. Allstate, Inc. Co., 372 F.3d 1115, 1117 (9th Cir. 2004), a statement "upon information and belief," Ritthaler v. IDS Property Cas. Ins. Co., No. CV-07-1233, 2007 WL 2081479, *1 (D. Ariz. July 20, 2007), or relied upon jury awards that were "clearly inapplicable,"  Haisch v. Allstate Ins. Co., 942 F. Supp. 1245, 1249-1250 (D. Ariz. 1996) (in a class action, where meeting the punitive damage threshold for each of the purported 100,000 class members would require a punitive damage award of approximately $5.0

billion, "neither of the Arizona cases cited by Defendant as examples of the purported recent trend towards extraordinary punitive damages awards, support the proposition that Defendant is potentially liable for a $5.0 billion judgment") (internal citations omitted).

In contrast, Defendants here have specifically pointed to several sufficiently analogous cases where juries have awarded punitive damages in excess of a 1-to-1 ratio, which is all that is required to raise the amount in controversy above the jurisdictional threshold.  To meet their burden, Defendants are not required to prove that these exact facts have previously resulted -- or necessarily would in this instance result -- in a sufficiently large punitive damage award. Defendants need merely put forth evidence demonstrating the potential for such an award under the present facts were Plaintiffs to prevail.  See Simmons, 209 F. Supp. 2d 1029 at 1033 ("The fact that the cited cases involve distinguishable facts is not dispositive.  Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards . . . . Although the facts of the instant action are far less egregious, defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy should include a punitive damages award.").

Given that Defendants have established by a preponderance of the evidence that compensatory and punitive damages, if awarded, would more likely than not exceed $75,000, Plaintiffs' motion to remand must be denied.

Dated:  March 31, 2009

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


/s/Keith Eggleton
Keith E. Eggleton
David A. McCarthy
650 Page Mill Road
Palo Alto, CA 94304
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100

James J. Coster
(Admitted Pro Hac Vice)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, 11th Floor
New York, NY 10169
Telephone:  (212) 818-9200
Facsimile:  (212) 818-9606

Attorneys for Defendant Moody's Investors Service, Inc.

Dated:  March 31, 2009              PERKINS COIE, LLP


/s/David T. Biderman
David T. Biderman (SBN 101577)
Farschad Farzan (SBN 215194)
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
Telephone:  (415) 344-7000
Facsimile:  (415) 344-7050

Floyd Abrams
Brian T. Markley
Julie Allsman
(Admitted Pro Hac Vice)
CAHILL GORDON & REINDEL, LLP
80 Pine Street
New York, NY 10005
Telephone:  (212) 701-3000
Facsimile:  (212) 269-5420

Attorneys for Defendant The McGraw-Hill Companies, Inc.

Dated:  March 31, 2009              TAYLOR & COMPANY LAW OFFICES, LLP


/s/Stephen E. Taylor
Stephen E. Taylor (SBN 58452)
Jayesh Hines-Shah (SBN 214256)
Jonathan A. Patchen (SBN 237346)
One Ferry Building, Suite 355
San Francisco, CA 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Martin Flumenbaum
Andrew J. Ehrlich
Jason Williamson
(*Admitted Pro Hac Vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

Attorneys for Fitch, Inc.