MARTIN FLUMENBAUM (*Admitted Pro Hac Vice*)
ANDREW J. EHRLICH (*Admitted Pro Hac Vice*)
TOBIAS J. STERN (*Admitted Pro Hac Vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1284 Avenue of the Americas
New York, NY 10010
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: mflumenbaum@paulweiss.com
Email: aehrlich@paulweiss.com
Email: tstern@paulweiss.com

STEPHEN E. TAYLOR (SBN 58452)
JAYESH HINES-SHAH (SBN 214256)
JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
E-mail: staylor@tcolaw.com
E-mail: jhinesshah@tcolaw.com
E-mail: jpatchen@tcolaw.com

*Attorneys for Defendant Fitch, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| RONALD M. GRASSI AND SALLY GRASSI,<br><br>Plaintiffs,<br><br>- *v.* -<br><br>MOODY'S INVESTOR'S SERVICES, STANDARD & POOR'S, FITCH, AND JOHN DOES 1 THROUGH 10<br><br>Defendants. | Case No. 2:09-cv-00543-JAM-DAD<br><br>**DEFENDANT FITCH, INC.'S NOTICE OF MOTION, MOTION TO DISMISS THE COMPLAINT, AND MEMORANDUM OF LAW IN SUPPORT**<br><br>Date:   July 31, 2009<br>Time:  10:00 A.M.<br>Place:  Courtroom 27 – 8th Floor<br><br>Hon. Dale A. Drozd |

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANT FITCH, INC.'S NOTICE OF MOTION, MOTION TO DISMISS THE COMPLAINT, AND MEMORANDUM OF LAW IN SUPPORT: CASE NO. 2:09-CV-00543-JAM-DAD

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on July 31, 2009, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Dale A. Drozd, United States District Court, 501 I Street, Sacramento, California, defendant Fitch, Inc. will, and hereby does, move the Court to dismiss with prejudice the Complaint in this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is based on this notice of motion, motion, and memorandum of law in support, the pleadings and record in this matter, oral argument of counsel, and such other matters as may be presented at the hearing on this motion.

Dated: June 15, 2009         TAYLOR & COMPANY LAW OFFICES, LLP


By:   */s/ Jonathan A. Patchen*
           Jonathan A. Patchen
Attorneys for Defendant FITCH, INC.

TAYLOR & CO.
LAW OFFICES, LLP

1.

DEFENDANT FITCH, INC.'S NOTICE OF MOTION, MOTION TO DISMISS THE COMPLAINT, AND MEMORANDUM OF LAW IN SUPPORT:  CASE NO. 2:09-CV-00543-JAM-DAD

## MEMORANDUM OF LAW IN SUPPORT

Fitch, Inc. ("Fitch") respectfully submits this memorandum in support of its motion to dismiss plaintiffs Ronald M. Grassi and Sally Grassi's (together, the "Plaintiffs") Complaint in the above-captioned action (the "Complaint").

Fitch joins in, and herein incorporates by reference, the arguments set forth in the Memorandum of Law of the McGraw-Hill Companies, Inc., In Support of Its Motion to Dismiss the Claims Asserted Against It By Ronald M. Grassi and Sally Grassi (the "S&P Memorandum"), Docket No. 48, filed today, and briefly sets forth herein the reasons that the arguments advanced in the S&P Memorandum apply with equal force to the claims against Fitch, and compel the dismissal of the Complaint.

### *Background*

Fitch, along with co-defendants McGraw-Hill's Standard & Poor's Ratings Services LLC ("S&P") and Moody's Investors Services, Inc. (collectively, the "Rating Agencies"), are the three major credit rating agencies in the United States and are Nationally Recognized Statistical Ratings Organizations.

The Complaint asserts two causes of action – one for General Negligence, and one for Intentional Tort – against the Rating Agencies and ten John Doe defendants. The allegations against each of the three defendants are entirely identical and consist of one cursory paragraph. In each cause of action, the Plaintiffs claim in that single identical paragraph that the Rating Agencies "over-rated the quality and value" of two bonds issued by Lehman Brothers Holdings Inc., either negligently (in the General Negligence claim) or intentionally (in the Intentional Tort claim). *See* Complaint Counts 1 & 2. The Complaint alleges that Fitch and the other Rating Agencies did so despite knowing that investors would rely on their ratings, and that they were motivated to over-rate the bonds to assist Lehman Brothers in the sale of the bonds and to retain Lehman's rating business. *Id.* No component of the single-paragraph claim distinguishes any Rating Agency from the other two Rating Agencies; the allegations are broad-brush and entirely lacking in detail about any conduct by each defendant (*i.e.*, what the rating opinions were, when they were issued, the stated bases for the rating opinions, and so forth).

2.

Taylor & Co.
Law Offices, LLP

DEFENDANT FITCH, INC.'S NOTICE OF MOTION, MOTION TO DISMISS THE COMPLAINT, AND MEMORANDUM OF LAW IN SUPPORT:  CASE NO. 2:09-CV-00543-JAM-DAD

### *Argument*

The Plaintiffs' threadbare Complaint is defective in a number of ways: it fails to properly allege any component of a negligence claim, it similarly fails to allege a fraud claim, and in any event it impermissibly seeks to punish the defendants for engaging in constitutionally-protected speech.

In order not to burden the Court with multiple briefs addressing in detail those deficiencies and others associated with the Complaint, Fitch hereby joins in the arguments set forth in the S&P Memorandum, all of which apply with equal force to Fitch, given the identity of the allegations. Fitch submits this Memorandum to briefly underscore the applicability of certain S&P arguments to the claims against Fitch.

### *Choice of Law*

The S&P Memorandum demonstrates that California choice of law rules support the application of New York law to the Plaintiffs' negligent misrepresentation claim. (S&P Mem. at 6 n.4.) S&P notes, for example, that it is located in New York and that the S&P-issued credit rating opinions at the heart of the Complaint's allegations against S&P were disseminated from New York. (*Id.*) Fitch is similarly situated. The ratings opinions that Fitch issued regarding Lehman Brothers Holdings Inc.'s debt, including the bonds at issue in this case, identify Fitch's offices as being located at One State Street Plaza, in New York, New York, and the development thereof involved New York-based analysts. (*See* Declaration of Tobias J. Stern ("Stern Decl.") Exh. 1.)[1]

### *Negligent Misrepresentation*

The S&P Memorandum further demonstrates that, regardless of what law the Court applies to this motion, the Complaint fails to properly plead negligent misrepresentation claim under either New York or California law. The primary deficiency in the Plaintiffs' claim is their failure – and, in fact, inability – to allege the required relationship between the defendants and Plaintiffs,

---

[1] As Fitch's ratings opinions of Lehman Brothers Holdings Inc. debt are referenced in the complaint and are central to the Plaintiffs' claims, this court may take judicial notice of those opinions. *See, e.g., Branch* v. *Tunell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith* v. *County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).

be it privity (New York) or a duty of care (California). *See Ultramares Corp.* v. *Touche*, 174 N.E. 441, 446 (N.Y. 1931) (requiring privity or its functional equivalent); *Bily* v. *Arthur Young & Co.*, 834 P.2d 745, 768-73 (1992) (citing Section 552 of the Restatement (Second) of Torts (1977) for the proposition that negligent misrepresentation requires that that information be provided for the "benefit and guidance" of a "limited group"). Like S&P, Fitch does not have any targeted relationship with investors – and, certainly, no group of investors in which Plaintiffs are members – that could reasonably be considered to give rise to a relationship in the nature of privity. Nor did Fitch publish its ratings specifically to the Plaintiffs, such as to induce them to purchase the bonds at issue. The Complaint accordingly fails to state a claim for negligent misrepresentation against Fitch. (*See generally* S&P Mem. at 7-12.)

Fitch is likewise identically-situated to S&P insofar as the remaining defects in the Plaintiffs' negligent misrepresentation claim are concerned. As S&P demonstrates, Plaintiffs have failed to plead a number of additional elements of a negligent misrepresentation claim, including the requirements of scienter, reasonable reliance, and actual injury. Indeed, Plaintiffs not only fail to plead these elements generally, but fall even further short of the required showing when judged against Rule 9(b)'s heightened pleading requirements. (*See* S&P Mem. 13-16.)

Fitch also joins S&P's argument that, to the extent the Plaintiffs relied upon S&P's rating opinions, such reliance could not have been reasonable, given the unambiguous disclaimer language that accompanies S&Ps' ratings. (*See* S&P Mem. at 15.) Fitch, like S&P, has disclaimer language that is clear and unambiguous:

> A Fitch rating is an opinion as to the creditworthiness of a security. The rating does not address the risk of loss due to risks other than credit risk, unless such risk is specifically mentioned. Fitch is not engaged in the offer or sale of any security. A report providing a Fitch rating is neither a prospectus nor a substitute for the information assembled, verified and presented to investors by the issuer and its agents in connection with the sale of the securities. Ratings may be changed, suspended, or withdrawn at anytime for any reason in the sole discretion of Fitch. Fitch does not provide investment advice of any sort. Ratings are not a recommendation to buy, sell, or hold any security.

(Stern Decl. Exh. 1.)

4.

Taylor & Co.
Law Offices, LLP

DEFENDANT FITCH, INC.'S NOTICE OF MOTION, MOTION TO DISMISS THE COMPLAINT, AND MEMORANDUM OF LAW IN SUPPORT: CASE NO. 2:09-CV-00543-JAM-DAD

For the above-stated reasons and the remainder of those discussed in the S&P Memorandum, the Complaint fails to state a negligent misrepresentation claim against Fitch.

### *Fraud*

Fitch likewise joins the S&P Memorandum's treatment of the Plaintiffs' fraud claim. As S&P demonstrates, the vague and conclusory allegations in Complaint contain no detail as to the alleged fraud, as required under both New York and California pleading standards. The Complaint makes identical claims as to Fitch and S&P, and accordingly fails as to both.

### *Constitutional Barriers*

As S&P explains in the S&P Memorandum, the First Amendment to the United States Constitution protects the Rating Agencies' published credit ratings and accordingly bars the Plaintiff's suit. Fitch joins S&P's arguments based on the First Amendment protections and notes that, to the extent there is any doubt, Fitch, like S&P, is a financial publisher and courts have accordingly held that the actual malice standard is applicable to its ratings. *See, e.g., In re Enron Corp. Sec., Derivative & ERISA Litig.*, 511 F. Supp. 2d 742, 825 (S.D. Tex. 2005) (dismissing claims because plaintiff had not shown that Fitch and other rating agencies had published credit ratings with "significant suspicions that their statements were false and thus acted with actual malice.").

### *Conclusion*

For the reasons set forth above and in the S&P Memorandum, this Court should dismiss with prejudice all counts of the Amended Complaint asserted against Fitch.

Dated: June 15, 2009                     TAYLOR & COMPANY LAW OFFICES, LLP


By:  */s/ Jonathan A. Patchen*
       Jonathan A. Patchen
Attorneys for Defendant FITCH, INC.