KEITH E. EGGLETON, State Bar No. 159842
DAVID A. MCCARTHY, State Bar No. 226415
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

JAMES J. COSTER
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, 11th Floor
New York, NY 10169
Telephone: (212) 818-9200
Facsimile: (212) 818-9606
(Admitted *Pro Hac Vice*)

Attorneys for Defendant Moody's Investors Service, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD M. GRASSI and SALLY GRASSI,<br><br>  Plaintiffs,<br><br>  v.<br><br>MOODY'S INVESTOR'S SERVICES, STANDARD AND POOR'S and FITCH RATINGS,<br><br>  Defendants. | CASE NO. 09-CV-00543-JAM-DAD<br><br>**REPLY MEMORANDUM OF LAW OF MOODY'S INVESTORS SERVICE, INC. IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE CLAIMS ASSERTED AGAINST IT BY RONALD M. GRASSI AND SALLY GRASSI**<br><br>Date: July 31, 2009<br>Time: 10 a.m.<br>Dept: Courtroom 27<br><br>Before: Magistrate Judge Dale A. Drozd |

REPLY MEMO OF LAW OF MOODY'S IN FURTHER SUPPORT OF ITS MTN TO DISMISS THE CLAIMS ASSERTED AGAINST IT BY RONALD M. GRASSI AND SALLY GRASSI

3733125_1.DOC

Defendant Moody's Investors Service, Inc. ("Moody's") respectfully submits this reply memorandum in further support of its motion seeking dismissal of Plaintiffs' claims. As demonstrated below, and in the reply memorandum of law of defendant The McGraw-Hill Companies, Inc. (the "S&P Reply Br."), which Moody's hereby adopts and incorporates by reference, Plaintiffs' opposition brief: (i) fails to refute the arguments made by Defendants in support of dismissal pursuant to Fed. R. Civ. P. 12(b)(6); and (ii) provides no basis for repleading or for an order allowing discovery – *i.e.*, a fishing expedition – so that Plaintiffs can search for facts that might bolster their untenable Complaint.

## ARGUMENT

Plaintiffs' lengthy opposition brief ("Pl. Opp.") fails to refute (or, in many cases, even address) the arguments and authorities set forth in Defendants' moving memoranda. Most crucially, Plaintiffs fail to identify pleaded facts, or facts that could be pleaded, sufficient to state a claim in this Court under either New York or California law. Instead, Plaintiffs devote much of their brief to quoting from, and citing to, newspaper articles, commentaries, and other materials that deal with general criticism of the performance of the rating agencies in the structured finance area, particularly "mortgage-backed securities" and "CDOs." *See*, *e.g.*, Pl. Opp. at 2-7, 25-28, 35-42. Even putting aside the inadmissible nature of most or all of this material, its patent irrelevance to Plaintiffs' Complaint merely highlights their inability to meet the applicable pleading standards. Plaintiffs do not, and cannot, claim that *any* of these quoted or cited materials refer or relate to the Lehman bonds at issue. Plaintiffs do not, and cannot, allege that the corporate bonds at issue were structured finance instruments of *any* kind, let alone "mortgage-backed securities." Indeed, Plaintiffs' opposition consistently seeks to shift the focus away from the deficient complaint before the Court – and away from the applicable law that requires dismissal.[1]

---

[1] Thus, Plaintiffs' rhetoric attempting to link this action to the mortgage industry, "toxic loans," the "real estate collapse," and "the immensity of this catastrophe" (*e.g.*, Pl. Opp. at 2-3) is nothing more than a red herring meant to distract from the issues on this motion.

Indeed, Defendants' showing that dismissal of all claims is compelled on multiple grounds stands unrefuted by Plaintiffs. All of the following arguments made in the S&P Reply Brief apply in full and with equal force to Moody's:

1. Plaintiffs have failed to refute Defendants' showing that the law of New York – which has the strongest interests here – should apply. *See* S&P Reply Br. n. 1. (Plaintiffs do not cite a single case in support of their erroneous reliance on the "most relevant contacts" analysis.) Plaintiffs do not deny that Moody's location and activity as a financial publisher in New York gives New York a compelling interest in the application of its laws in a case such as this.

2. Whether New York or California law is applied, Plaintiffs have failed to identify pleaded factual allegations (or facts that could be alleged) sufficient to state a claim in accordance with the applicable standards, including the standards enunciated in recent U.S. Supreme Court decisions and Rule 9(b). *See* S&P Reply Br., Points I and II. The Supreme Court has now reiterated that, to survive a motion to dismiss, a plaintiff's complaint may not rely merely on "labels and conclusions" but, instead, must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] This standard applies to all "civil actions" brought in federal court. *Iqbal*, 129 S. Ct. 1953. Plaintiff's opposition ignores these standards and, instead, relies on outdated and inapposite decisions. *See* Pl. Opp. at 7-14.

3. With respect to the claim that Moody's published its ratings of the bonds at issue negligently, Plaintiffs – who admit that they had no more of a relationship with Moody's than did any other members of the entire "investing public" (Pl. Opp. at 17) – can identify no facts that are, or could be, pled to establish a duty of care, either through near-privity and "linking conduct" (under New York law) or through membership in a "limited group" that meets the requirements of Section 552 (under California law). *See* S&P Reply Br., Point I. The laws of

---

[2] Under this standard, a complaint is subject to dismissal where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950.

both states, reflecting core principles of tort liability, are designed to shield those who provide information and opinions to the public from the specter of unlimited liability for alleged negligence.[3]  This claim is also deficient for its failure to comply with Rule 9(b).  *See id.*, Point II.

4.  With respect to the claim that Moody's committed fraud, Plaintiffs have made no factual allegations *at all* with respect any purported fraudulent conduct by Moody's in rating the bonds at issue, let alone factual allegations sufficient to meet the requirements of either *Iqbal* or Rule 9(b).  Moreover, because the ratings at issue are indisputably opinions about the future, not statements of fact, a fraud claim requires factual allegations – which Plaintiffs do not, and cannot make – sufficient, under the applicable standards, to support a claim that Moody's did not genuinely hold or believe the opinions it published.  *See* S&P Reply Br. at Point II.[4]

5.  Plaintiffs do not even attempt to distinguish the Sixth Circuit and Tenth Circuit decisions confirming that ratings are predictive opinions protected by the First Amendment.  Nor do they dispute that the Lehman corporate bonds at issue were a matter of public interest; on the contrary, Plaintiffs repeatedly emphasize the interest of the entire "investing public."  Thus, as previously demonstrated (*see* S&P moving brief, Point IV) and in no way refuted by Plaintiffs, their claims should also be dismissed on the separate and independent ground that they are barred by the First Amendment.  *See* S&P Reply Br., Point III.

---

[3] As one court has observed: "Federal courts have typically dismissed negligent misrepresentation claims brought by members of the general investing public." *In re Time Warner Inc. Securities Litigation*, 794 F. Supp. 1252, 1264 (S.D.N.Y. 1992), *aff'd in relevant part, rev'd on other grounds*, 9 F.3d 259, 271-72 (2d Cir. 1993).   *See, e.g.*, the federal court decisions in *In re Par Pharmaceuticals, Inc. Securities Litigation*, 733 F. Supp. 668, 686 (S.D.N.Y. 1990) (no claim for negligent misrepresentation permitted when plaintiffs were "simply members of the general investing public"); *Ginsburg v. Agora*, 915 F. Supp. 733 (D. Md. 1995) (negligence claim against small subscription newsletter offered to general public) (noting that there was no "special relationship" between subscribers and publisher to justify imposing "widespread liability"); *Gale v. Value Line, Inc.*, 640 F. Supp. 967, 971 (D.R.I. 1986) ("application of this extraordinary duty to those who peddle commercial information would bring the business of information distribution to a standstill").

[4] Like S&P (Reply Br. at 7), Moody's, contrary to Plaintiffs' assertions, consistently discloses that it is paid by issuers.  *See* Declaration of Keith Eggleton (previously submitted), Exh. B, p. 2.

6. Finally, Plaintiffs have offered no basis for their request to file an amended complaint. They have neither submitted a proposed amended pleading that addresses the patent deficiencies in their Complaint nor have they identified, in their lengthy brief and copious exhibits, any additional facts that, if pleaded, would remedy those deficiencies. Plaintiffs' request for pre-pleading discovery, for which they cite no precedent, is equally meritless. The Federal Rules do not authorize discovery for the purpose of scavenging for facts in hopes of finding something to bolster a deficient complaint. *See* S&P Reply Br., Point II.

## CONCLUSION

For the foregoing reasons, and those set forth in the S&P Reply Brief, Moody's motion to dismiss all claims asserted against it in the Complaint should be granted.

Dated: July 16, 2009

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/David A. McCarthy
Keith E. Eggleton
David A. McCarthy
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

James J. Coster
(*Admitted Pro Hac Vice*)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, 11th Floor
New York, NY 10169
Telephone: (212) 818-9200
Facsimile: (212) 818-9606

Attorneys for Defendant Moody's Investors Service, Inc.