IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD M. GRASSI and
SALLY GRASSI,

        Plaintiffs,                  No. CIV S-09-0543 JAM DAD PS

    v.

MOODY'S INVESTOR'S,
SERVICES, et al.,                   <u>ORDER</u>

        Defendants.

_____/

        This case came before the court on July 31, 2009, for hearing of defendants' motions to dismiss plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). Attorneys James J. Coster and David A. McCarthy appeared for defendant Moody's Investors Service, Inc. Attorneys Floyd Abrams, Brian T. Markley, and David Taro Biderman appeared for defendant The McGraw-Hill Companies, Inc., sued as Standard & Poor's. Attorneys Roberta A. Kaplan and Jonathan A. Patchen appeared for defendant Fitch, Inc. Plaintiffs Ronald Grassi and Sally Grassi are proceeding pro se in this action, and each appeared on his or her own behalf. The parties' arguments were heard, and the motions were submitted for decision.

/////

1    Having considered all written materials filed in connection with defendants'

2  motions, the parties' arguments at the hearing, and the entire file, the undersigned now grants

3  defendants' motions to dismiss but also grants plaintiffs' requests for leave to amend.

4                                                     BACKGROUND

5    Plaintiffs filed a pro se complaint in the Placer County Superior Court on January

6  26, 2009.  The pleading was submitted on a form complaint for personal injury, property damage,

7  or wrongful death.  The pleading alleges two state law claims – (1) negligence and (2) fraud and

8  deceit – against "Moody's Investor's Services, Standard and Poor's, Fitch" and DOES 1 to 10.

9  (Def'ts' Notice of Removal, Ex. B.)

10    The three named defendants joined in removing the case to federal court by notice

11  filed February 25, 2010.  Defendants assert federal jurisdiction based on complete diversity of

12  citizenship between the parties and an amount in controversy that exceeds $75,000.

13    After plaintiffs' motion for remand was denied by order filed May 15, 2009, each

14  defendant filed a motion to dismiss.  Plaintiffs filed written opposition and appeared at the

15  hearing.  The court subsequently granted plaintiffs' request for leave to file supplemental

16  opposition, and the defendants were granted leave to respond.  The court denied plaintiffs'

17  request for leave to file still more briefing on the pending motion.

18                                                 PLAINTIFFS' CLAIMS

19    Plaintiffs' negligence claim includes the following statement of the reasons for

20  defendants' liability:

21         Said defendants negligently over-rated the quality and value of the
           bonds described below being sold by Lehman Bros. knowing that
22         potential investors and investment advisors would rely on the
           ratings and would not know said ratings were inaccurate and
23         excessively high.  Said conduct by defendants was done for the
           purpose of both assisting Lehman Bros. in the sale of said bonds,
24         and also allowing said defendant rating companies to retain the
           rating business of investments being sold by Lehman Bros. by
25         supplying inaccurate and excessively high bond ratings.

26  (Notice of Removal, Ex. B at 4.)  Plaintiffs' statement is followed by "official descriptions" of

1  "the subject bonds." The descriptions are abbreviated and cryptic. There is no allegation that

2  plaintiffs purchased these bonds and, but if the bonds were purchased by plaintiffs, there are no

3  details alleged concerning the purchase or purchases.

4        Plaintiffs' fraud and deceit claim is identical to their negligence claim except that

5  defendants are alleged to have acted "intentionally," rather than "negligently." (Id., Ex. B at 5.)

6        Plaintiffs claim loss of use of property and "Punitive Damages based upon

7  defendants's [sic] reckless disregard in publishing false and misleading information relating to

8  Lehman Brother's bonds." (Id., Ex. B at 3.) Plaintiffs pray for compensatory and punitive

9  damages. (Id.)

10      LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTIONS TO DISMISS

11        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

12  sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

13  1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

14  sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901

15  F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to

16  relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus,

17  a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the

18  plaintiff's claims, even if the plaintiff's allegations are true.

19        In determining whether a complaint states a claim on which relief may be granted,

20  the court generally  accepts as true the allegations in the complaint and construes the allegations

21  in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);

22  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are

23  held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404

24  U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast

25  in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.

26  1981). The court is permitted to consider material which is properly submitted as part of the

1   complaint, documents not physically attached to the complaint if their authenticity is not

2   contested and the plaintiff's complaint necessarily relies on them, and matters of public record.

3   See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss,

4   the court may consider matters of public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500,

5   504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of

6   public record outside the pleadings).  Of course, a court may take judicial notice of its own files

7   and of documents filed in other courts.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d

8   741, 746 n.6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in

9   another case that bore on whether the plaintiff was still able to assert its claims in the pending

10   case); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th

11   Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff

12   asserted similar and related claims); Hott v. City of San Jose, 92 F. Supp. 2d 996, 998 (N.D. Cal.

13   2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).

14         When a plaintiff alleges fraud, "the circumstances constituting fraud . . . shall be

15   stated with particularity."  Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to

16   defendants of the specific fraudulent conduct against which they must defend, but also 'to deter

17   the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants]

18   from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from

19   unilaterally imposing upon the court, the parties and society enormous social and economic costs

20   absent some factual basis.'"  Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001)

21   (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).

22         Thus, pursuant to Rule 9(b), a plaintiff must, at a minimum, plead evidentiary

23   facts such as time, place, persons, statements and explanations of why allegedly misleading

24   statements are misleading.  In re GlenFed, Inc. Sec. Litig., 42 F. 3d 1541, 1547 n.7 (9th Cir.

25   1994).  In addition, a plaintiff proceeding on a state fraud claim in federal court must allege facts

26   demonstrating the existence of the elements of such a claim.  Vess v. Ciba-Geigy Corp. USA,

1   317 F.3d 1097, 1105-06 (9th Cir. 2003) (quoting <u>Moore v. Brewster</u>, 96 F.3d 1240, 1245 (9th

2   Cir. 1996)) ("Under California law, the 'indispensable elements of a fraud claim include a false

3   representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'");

4   <u>Fecht v. Price Co.</u>, 70 F.3d 1078, 1082 (9th Cir. 1995).

5                                                    ANALYSIS

6   I.  <u>The Parties' Arguments</u>

7             The defendants are credit rating companies, and all three seek dismissal of

8   plaintiffs' claims with prejudice.  Although defendants' arguments vary to some degree, all

9   defendants move to dismiss plaintiff's claims pursuant to Rule 12(b)(6) on the ground that

10  plaintiffs' pleading fails to state any claim on which relief can be granted.  Defendant Moody's

11  Investors Service, Inc. (Moody's) also seeks dismissal of plaintiffs' fraud claim pursuant to Rule

12  9(b) for failure to plead circumstances of fraud with sufficient particularity.

13            Defendants treat plaintiffs' negligence claim as a claim of negligent

14  misrepresentation because, as defendant The McGraw-Hill Companies, Inc. (McGraw-Hill)

15  explains, defendants' alleged misconduct lay in the dissemination of their ratings to potential

16  investors and investment advisors.  (Def. McGraw-Hill's Mot. to Dismiss, Mem. of P. & A. at 2

17  n.2.  In this regard, defendant McGraw-Hill cites to California court decisions finding that the

18  plaintiffs' negligence claims in those cases were more precisely considered claims of negligent

19  misrepresentation.  (<u>Id.</u>)

20            Defendants argue that plaintiffs' claim of negligent misrepresentation fails

21  because, as a matter of law, defendants owed no duty of care to plaintiffs.  Defendants point out

22  that plaintiffs have not alleged any relationship or contact of any kind with any of the defendants,

23  let alone the kind of relationship required to establish a duty of care.  Defendants cite both to

24  New York law holding that a provider of information cannot be held liable for negligent

25  misrepresentation absent pleading and proof of a special relationship approximating privity, and

26  also California law holding that a negligent misrepresentation claim requires pleading and proof

that the plaintiff is a member of a "limited group" of intended beneficiaries of the representation. Defendants view plaintiffs as belonging to the unlimited audience of readers and viewers of their ratings.  Such a view appears to be consistent with plaintiffs' complaint, in which plaintiffs allege that defendants negligently over-rated the quality and value of Lehman Brothers' bonds "knowing that potential investors and investment advisors would rely on the ratings."

Defendants contend that plaintiffs' claim of negligent misrepresentation also fails because plaintiffs did not plead with particularity (1) a material misrepresentation, (2) actual and reasonable reliance, and (3) causation, which are the essential elements of a claim of negligent misrepresentation.  Defendants argue that plaintiffs cannot amend their complaint to cure this pleading defect because plaintiffs cannot establish the element of reasonable reliance due to the explicit cautionary disclaimers that accompany the defendants' ratings, including their ratings of Lehman Brothers and its bonds.

Defendant Moody's argues that plaintiffs' fraud claim fails as a matter of law because plaintiffs have failed to allege with the required particularity not only (1) a material misrepresentation, (2) actual and reasonable reliance, and (3) causation, but also (4) scienter, which is an element of a fraud claim.

Finally, defendants argue that both of plaintiffs' claims fail as a matter of law because credit rating opinions published by rating agencies have been consistently held to be protected under the First Amendment in two ways.  Defendants assert first that, as expressions of protected opinion rather than fact, credit ratings cannot be proven false and are not actionable as false "statements."  Defendants assert second that, as protected speech on matters of public concern, credit ratings cannot give rise to liability absent pleading and proof of "actual malice."

In opposition to defendants' motions, plaintiffs argue that their complaint was properly drafted under California law on state-approved forms.  However, plaintiffs request leave to amend if more detailed pleadings are required.  Plaintiffs claim that they can and will re-plead their claims for relief more specifically.

1    Plaintiffs' insistence that they can and will re-plead more specifically is cast into

2    doubt, however, by plaintiffs assertion that they cannot plead their claims with specificity until

3    discovery has been completed.  Plaintiffs indicate that if they are required to file an amended

4    pleading alleging actual facts, they will need to (1) take the depositions of the defendants' CEO's

5    and the analysts who reviewed the information available on the bonds purchased by plaintiffs, (2)

6    propound interrogatories, and (3) request production of extensive records.  Toward that end,

7    plaintiffs request an order permitting them to conduct at least limited discovery.

8    Returning to their argument that their complaint is sufficient under California law,

9    plaintiffs argue that they should not be required to change their claims or how their claims are

10   pled just because this court has determined that their state claims will be heard in federal court.

11   Plaintiffs contend that their common law negligence and fraud claims have not been preempted

12   by federal law and that they have pled sufficient facts to apprise defendants of the specific

13   negligence and fraud at issue, when it occurred, and what the result was.

14   On the subject of defendants' duty of care, plaintiffs contend that California law

15   should be applied, and once again they argue that they can and will amend their complaint to

16   allege the relationship required under California law in order to establish defendants' duty to

17   plaintiffs.  Plaintiffs contend that the investing public is a "limited group," thereby establishing

18   the required privity, and that plaintiffs are third party beneficiaries or intended beneficiaries or at

19   least foreseeable recipients of the companies' ratings.  Plaintiffs reiterate that if required to

20   replead their state court causes of action to conform to federal rules, they can and will comply.

21   Plaintiffs conclude by disputing defendants' arguments regarding First

22   Amendment protection for credit rating companies.  Plaintiffs do not view defendants' ratings as

23   protected opinions but as provably false statements.  Plaintiffs also assert that they can amend

24   their complaint to allege malice or reckless disregard to meet the standard described by

25   /////

26   /////

1    defendants.[1]

2       In their replies, defendants note that plaintiffs repeatedly claim that they can plead

3    facts but do not identify any of those facts, thus failing to show that they can state any cognizable

4    claim under New York or California law.  Defendant Moody's asserts that plaintiffs have in fact

5    admitted they had no relationship with Moody's other than being members of the entire

6    "investing public."  Defendant Moody's cites federal court decisions dismissing negligent

7    misrepresentation claims brought by members of the "general investing public."  (Def't Moody's

8    Reply filed July 16, 2009, at 4 n.3.)  Defendant McGraw-Hill also cites cases rejecting the

9    argument that the limited group requirement actually encompasses all members of the investing

10   public.  (Def't McGraw-Hill's Reply filed July 16, 2009, at 4-5.)  All defendants argue that

11   plaintiffs have failed to rebut any of defendants' arguments in support of dismissal, that the court

12   should deny plaintiffs' unsupported requests for leave to amend and to conduct discovery, and

13   that defendants' motions to dismiss should be granted with prejudice.

14   II.  Discussion

15      Once a case has been removed from state court, it is subject to the Federal Rules

16   of Civil Procedure, and those rules govern procedure after removal.  Fed. R. Civ. P. 81(c)(1)

17   ("These rules apply to a civil action after it is removed from a state court.").  The United States

18   Supreme Court has determined that the "expansive language" of Rule 81(c) "contains no express

19   exceptions and indicates a clear intent to have the Rules . . . apply to all district court civil

20   proceedings."  Willy v. Coastal Corp., 503 U.S. 131, 134-35 (1992).

21      Rule 81(c) establishes the general rule that, "[a]fter removal, repleading is

22   unnecessary unless the court orders it."  Fed. R. Civ. P. 81(c)(2).  However, federal pleading

23

24      [1]  In support of their opposition to the pending motions to dismiss, plaintiffs request that
the court take judicial notice of documents attached to the declaration of plaintiff Ronald Grassi.
25   No documents were attached to the declaration as filed with the court.  The undersigned has
reviewed plaintiffs' list of exhibits and finds that it consists of excerpts of congressional
26   testimony, transcripts of hearings, and emails, none of which appear to be documents properly
subject to judicial notice.

1  rules apply regardless of whether the substantive law at issue is state or federal.  Kearns v. Ford

2  Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).[2]  A pleading removed from state court is

3  therefore subject to dismissal pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure if

4  the pleading does not contain a short and plain statement of the claim showing that the pleader is

5  entitled to relief.

6           When fraud is alleged in a pleading removed from state court, the pleading is

7  subject to dismissal pursuant to Rule 9(b), which requires that "a party must state with

8  particularity the circumstances constituting fraud."  Kearns, 567 F.3d at 1124.  The

9  circumstances constituting the alleged fraud must be specific enough to give each defendant

10  notice of its particular misconduct so that the defendant can defend against the charge.  Id. (citing

11  Bly-Magee, 236 F.3d at 1019).  Where fraud is not an essential element of all claims alleged in a

12  pleading, only the claims that allege fraud are subject to the heightened pleading standard of Rule

13  9(b).  Kearns, 567 F.3d at 1124.  To satisfy that standard, a plaintiff alleging fraud must set forth

14  more than the neutral facts necessary to identify the transaction at issue.  Id. (citing In re

15  GlenFed, Inc., 42 F.3d at 1548).

16           In the present case, the court finds plaintiffs' pleading deficient under both Rules

17  8 and 9.  The fact that the form complaint was adequate for purposes of proceedings in  state

18  court is irrelevant.  For federal court proceedings, plaintiffs' complaint, while undeniably short,

19  is not a plain statement of claims showing that plaintiffs are entitled to relief on their claims of

20  negligent misrepresentation and fraud.  The allegations of the pleading are not specific enough to

21  give each defendant notice of its particular misconduct, it does not allege facts that establish each

22  element of the two claims, and it falls far short of stating a plausible, cognizable claim against

23  any defendant.

24

─────────────

25       [2]  In diversity cases, "substantive" issues are governed by state law under the Erie
    doctrine, but all "procedural" issues are governed by the Federal Rules of Civil Procedure and
26  applicable federal statutes.

1    While the undersigned finds it unlikely that plaintiffs can file an amended

2    complaint that will meet federal pleading standards and state a cognizable claim, it is not possible

3    to conclude that they cannot do so.  Accordingly, defendants' motion to dismiss will be granted,

4    but dismissal of the complaint originally filed in state court by plaintiffs will be without prejudice

5    to the filing of an amended complaint.  See Smith v. Local Union No. 110, Int'l Brotherhood of

6    Elec. Workers, ___ F. Supp. 3d ___, ___, Civil No. 09-2528 (DWF/SRN), 2010 WL 173797, at

7    *9 (D. Minn. Jan. 13, 2010) (finding no basis to dismiss the state court pleading with prejudice

8    and therefore dismissing the complaint with leave to file an amended complaint that conforms to

9    the applicable federal rules); Rockwood Retaining Walls, Inc. v. Patterson, Thuente, Skaar &

10   Christensen, P.A., Civil No. 09-2493 (DWF/FLN), 2009 WL 5185770, at *6 (D. Minn. Dec. 22,

11   2009) (dismissing the complaint without prejudice upon finding that "the threadbare, conclusory

12   allegations" in the pleading removed from state court failed to meet the federal pleading standard

13   as defined by the United States Supreme Court in recent cases).

14   Plaintiffs are cautioned that the amended complaint must comply with the

15   requirements of Rules 8 and 9 to allege facts that establish all elements of the claims alleged and

16   must provide the specificity required for the fraud claim under Rule 9.

17   In this regard, plaintiffs are advised that Rule 9(b) serves three purposes.  First, a

18   plaintiff's compliance with the rule provides defendants with adequate notice to allow them to

19   defend the charge and deters plaintiffs from filing complaints "as a pretext for the discovery of

20   unknown wrongs"; second, a plaintiff's compliance with the rule protects those whose reputation

21   would be harmed as a result of being subject to fraud charges; third, compliance with the rule

22   prohibits plaintiffs from "unilaterally imposing upon the court, the parties and society enormous

23   social and economic costs absent some factual basis.  Kearns, 567 F.3d at 1125.  Plaintiffs'

24   request for leave to conduct discovery is denied because permitting discovery before the

25   plaintiffs have filed an adequate pleading that states claims upon which relief may be granted

26   would violate all three of these purposes of Rule 9(b).

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motions to dismiss filed June 15, 2009 (Doc. Nos. 44, 47, and 52) are granted;

2. Plaintiffs' July 2, 2009 request for limited discovery (Doc. No. 55) is denied; and

3. Plaintiffs are granted thirty days to file an amended complaint that complies with this order, the Local Rules of Practice, and the Federal Rules of Civil Procedure; plaintiffs' amended complaint must bear the case number assigned to this case, must be titled "Amended Complaint," and must comply with the requirements of the Federal Rules of Civil Procedure, the Local Rules of Practice, and this order.

DATED: March 26, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
dad1/orders.pro se/grassi0543.oah.073109.dism.lta

11