IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD M. GRASSI, et al.,

        Plaintiffs,                No. CIV S-09-0543 JAM DAD PS

       v.

MOODY'S INVESTOR'S SERVICES, et al.,      <u>ORDER</u>

        Defendants.
_____/

        By order filed March 29, 2010, defendants' motions to dismiss were granted, and plaintiffs were granted thirty days' leave to file an amended complaint. Plaintiffs filed their amended complaint on April 8, 2010. Pursuant to stipulation and order, defendants jointly filed a motion to dismiss the amended complaint and noticed the motion for hearing on July 9, 2010. Plaintiffs have filed timely opposition, along with a filing titled "Declaration of Ronald Grassi in Support of Request to Attach Proposed Second Amended Complaint."

        Plaintiff Ronald Grassi requests that plaintiffs be permitted to attach a proposed second amended complaint to their opposition to defendants' motion to dismiss because (1) he is uncertain "just how much pleading and potential proof is required to convince a Court that the defendants are plausibly liable to plaintiffs for the misconduct alleged v. just possibly liable"; (2) the proposed second amended complaint "is restructured to more closely follow the format of

defendants' motion to dismiss to facilitate the Court's review of what is argued by defendants and how plaintiffs respond, point by point"; and (3) "additional pleadings have been added to further explain the reasons for the existence of a duty, the specific acts of negligence, and the like." (Pl. Ronald Grassi's Decl. filed May 21, 2010 (Doc. No. 93) at 1-2.)  Plaintiff Ronald Grassi suggests that the court will only need to consider the proposed second amended complaint if the court, "upon review of plaintiffs' first amended complaint, decides that additional pleadings and evidence are required." (Id. at 2.)

The grounds for plaintiffs' request are both unpersuasive and inconsistent with the rules applicable to pleadings, amendment of pleadings, and briefing of motions.  Arguments about the legal standards applicable to pleadings and motions to dismiss, as well as arguments about issues such as "the existence of a duty, the specific acts of negligence, and the like," should be presented in a plaintiff's opposition to a defendant's motion to dismiss rather than in a proposed amended complaint.  Similarly, it is a plaintiff's opposition to a motion to dismiss, not the plaintiff's complaint, that should be structured in a manner "to facilitate the Court's review of what is argued by defendants and how plaintiffs respond, point by point."  Plaintiffs' request will be denied, and no consideration will be given to the proposed second amended complaint attached to plaintiff Ronald Grassi's declaration.

Accordingly, IT IS ORDERED that plaintiffs' May 21, 2010 request (Doc. No. 93) to attach a proposed second amended complaint is denied.

DATED: May 26, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
dad1/orders.pro se/grassi0543.ord.req.sac.den